Karen A. Confoy
**FOX ROTHSCHILD LLP**
997 Lenox Drive
Lawrenceville, NJ 08648-2311
kconfoy@foxrothschild.com
Tel.:  (609) 896-3600
Fax:  (609) 896-1469

Robert Ziemian (*pro hac vice* forthcoming)
Justin Gilleland (*pro hac vice* forthcoming)
**HAYNES AND BOONE, LLP**
1050 17th St., Suite 1800
Denver, Colorado 80265
robert.ziemian@haynesboone.com
justin.gilleland@haynesboone.com
Tel.: (303) 382-6200
Fax: (303) 382-6210

Kenneth G. Parker (*pro hac vice* forthcoming)
**HAYNES AND BOONE, LLP**
600 Anton Blvd., Suite 700
Costa Mesa, CA 92626
kenneth.parker@haynesboone.com
Tel.:  (949) 202-3014
Fax:  (949) 202-3114

*Attorneys for Plaintiff Nite Ize, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NITE IZE, INC.<br><br>Plaintiff,<br><br>v.<br><br>PREMIER ACCESSORY GROUP, LLC<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>*Filed Electronically*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Nite Ize, Inc. ("Nite Ize") complains and alleges against Premier Accessory Group, LLC as follows:

## I.   THE PARTIES

1.     Nite Ize is a Colorado corporation with its principal place of business at 5660 Central Avenue, Boulder, Colorado.  Nite Ize is a design and development company that designs and creates various innovative consumer products.  A category of those products is the STEELIE®

Line of Products.  The STEELIE® Line of Products are various sized mounts, generally used for handheld or mobile communication or data devices.  They include a disc for attachment to a rounded surface, so the device may be held via magnetism in a variety of positions.  The STEELIE® Line of Products use the "STEELIE® Ball Mount" and the "Socket" to support mobile devices and tablets so users can see their screens without holding the device or tablet.

2.      Nite Ize's STEELIE® Line of Products are widely popular, instantly recognizable, and highly regarded by the public and by consumers for their distinctive designs, exceptional quality, beautiful style, and superior craftsmanship, and they have become exclusively associated with the Nite Ize name.  One of, if not the most popular and recognizable Nite Ize product is the STEELIE® Dash Mount Kit (also known as the STEELIE® Car Mount Kit), as well as its components.

3.      Upon information and belief, Premier Accessory Group, LLC ("Premier Accessory" or "Defendant") is a New York limited liability company with a principal place of business of 305 Clearview Road, Edison, New Jersey 08837.  Defendant may be served with process at 305 Clearview Road, Edison, New Jersey 08837.

4.      Premier Accessory uses, offers to sell, sells, markets, and/or distributes a knock-off of the STEELIE® Dash Mount Kit that violates Nite Ize's intellectual property rights and has engaged in other wrongful acts set out in this Complaint.

## II.      JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a) and (b), 1367 (a), and 15 U.S.C. 1121(a).  This suit arises under the patent and trademark laws of the United States, including 35 U.S.C. §§171 and 271 and 15 U.S.C. §§1114 and 1125, and substantially related claims. Subject matter jurisdiction of state law claims is proper because the

Court has supplemental jurisdiction over them and diversity jurisdiction over them.   On information and belief, the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     This Court has personal jurisdiction over Premier Accessory.  Upon information and belief, Premier Accessory has a regular and established place of business in New Jersey.  Upon information and belief, Premier Accessory is a domestic limited liability company that is registered under the laws of New York.

7.     Venue is proper pursuant to 28 U.S.C. §§1391(b)(2) and (c)(2), and 1400.

## III.     NITE IZE'S STEELIE PRODUCTS INTELLECTUAL PROPERTY

8.     The inventive concepts underlying the STEELIE® Line of Products were developed and patented by Frank Vogel, a United States citizen who resides in Boulder County, Colorado.   Mr. Vogel developed his innovative holder and mount for mobile devices and immediately branded the products implementing this invention with the name "STEELIE®."

9.     In December 2012, Nite Ize acquired all of the rights to the intellectual property associated with the STEELIE® products, including all invention rights, patent rights, trademark rights, trade dress rights, goodwill, and trade secrets.   Since then, Nite Ize has significantly increased the distribution, sales, and product offerings of the STEELIE® Line of Products.

10.     The STEELIE® Dash Mount Kit has won several awards, including:

- CTIA ("Cellular Telephone Industries Association") 2015 Best of Show for the STEELIE® Desk & Dash System;
- Best of CTIA 2014 for the STEELIE® Car Mount Kit; and
- Hardware Retailing 2013 for the STEELIE® Car Mount Kit.

11.     The STEELIE® Line of Products is comprised of a multitude of patented technologies and have established such popularity that magnetic holders that fix mobile devices to

a surface using a steel ball that magnetically interacts with a socket are readily identified by consumers as a STEELIE® product originating from Nite Ize.

**A.     Nite Ize's United States Utility Patent No. 9,765,921**

12.     On September 19, 2017, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Utility Patent No. 9,765,921 ("'921 Patent"), entitled "MULTI-POSITIONAL MOUNT FOR PERSONAL ELECTRONIC DEVICES WITH A MAGNETIC INTERFACE" to Nite Ize after a full and fair examination. *See* Ex. A.

13.     Nite Ize is the owner of the entire right, title, and interest in and to the '921 Patent by assignment and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement.

14.     The '921 Patent describes and generally claims a stand assembly for holding handheld electronic devices in a multitude of positions or locations having a first section with a curved end that magnetically attaches to a second section having an indentation and having a friction producing material to help secure the first section and second section together.  The second section is also either contiguous with a portable electronic device, a carrying case, or other item that facilitates the connection between the first section, second section, and the handheld electronic device.

15.     Nite Ize's STEELIE® Dash Mount Kit embodies one or more claims of the '921 Patent.

16.     The sales of the Nite Ize's STEELIE® Dash Mount Kit have been continually increasing, showing a growth of awareness and their desirability.

17.     The efforts of Nite Ize in creating the STEELIE® Dash Mount Kit to be of the highest quality, and the efforts of Nite Ize in promoting the products, enabled the sale of this product to reach a lucrative level.

**B.      Nite Ize's United States Utility Patent No. 10,036,507**

18.     On July 31, 2018, the USPTO duly and legally issued United States Utility Patent No. 10,036,507 ("'507 Patent"), entitled "MULTI-POSITIONAL MOUNT FOR PERSONAL ELECTRONIC DEVICES WITH A MAGNETIC INTERFACE" to Nite Ize after a full and fair examination.  *See* Ex. B.

19.     Nite Ize is the owner of the entire right, title, and interest in and to the '507 Patent by assignment and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement.

20.     The '507 Patent describes and generally claims a stand assembly for holding handheld electronic devices in a multitude of positions or locations having a first section with a curved end that magnetically attaches to a second section having an indentation.  The second section includes a friction producing material to help secure the first section and second section together.

21.     Nite Ize's STEELIE® Dash Mount Kit embodies one or more claims of the '507 Patent.

**C.      Nite Ize's United States Utility Patent No. 10,066,779**

22.     On September 4, 2018, the USPTO duly and legally issued United States Utility Patent No. 10,066,779 ("'779 Patent"), entitled "MULTI-POSITIONAL MOUNT FOR PERSONAL ELECTRONIC DEVICES WITH A MAGNETIC INTERFACE" to Nite Ize after a full and fair examination.  *See* Ex. C.

23.     Nite Ize is the owner of the entire right, title, and interest in and to the '779 Patent by assignment and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement.

24.     The '779 Patent describes and generally claims a stand assembly for holding handheld electronic devices in a multitude of positions or locations having a first section shaped on one end with a curved surface that magnetically attaches to a second section having an indentation defined by a ring-shaped magnetic material.  The ring shape surrounds a portion of the curved surface of the first section when the first and second sections are together.  The indentation encompasses a portion, but less than the whole diameter, of the curved surface of the first section.

25.     Nite Ize's STEELIE® Dash Mount Kit embodies one or more claims of the '779 Patent.

**D.     Nite Ize's United States Utility Patent No. 10,215,330**

26.     On February 26, 2019, the USPTO duly and legally issued United States Utility Patent No. 10,215,330 ("'330 Patent"), entitled "MULTI-POSITIONAL MOUNT FOR PERSONAL ELECTRONIC DEVICES WITH A MAGNETIC INTERFACE" to Nite Ize after a full and fair examination.  *See* Ex. D.

27.     Nite Ize is the owner of the entire right, title, and interest in and to the '330 Patent by assignment and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement.

28.     The '330 Patent describes and generally claims a stand assembly for holding handheld electronic devices in a multitude of positions or locations having a first section with a first end shaped to engage one of a flat surface, a plug, and an irregular surface via clamping, and a second end with a generally curved shape that magnetically attaches to a second section having

an indentation.  The second section includes a ring-shaped magnetic material surrounding, in a radial fashion, at least a portion of the curved surface of the first section.

29.     Nite Ize's STEELIE® Dash Mount Kit embodies one or more claims of the '330 Patent.

### E.     Nite Ize's Trade Dress

30.     Nite Ize relies on the distinctive material makeup, color, shape, and visual characteristics as a way for the STEELIE® Dash Mount Kit as well as Nite Ize to be identified by retailers as well as retail customers.  Indeed, on more recent STEELIE® packaging, Nite Ize informs persons that "[t]the distinctive shapes, styles, configuration and overall appearance of all Nite Ize products are trademarks of Nite Ize, Inc."  Figures 1 – 3 contain images on the left depicting the STEELIE® Product Trade Dress.  The forms of the STEELIE Product Trade Dress are further defined below.

31.     In addition to marketing and selling Nite Ize's STEELIE® Line of Products in brick and mortar retail stores, Nite Ize has developed a distinctive and interactive website at http://www.niteize.com where retail customers have had access to Nite Ize's STEELIE® Line of Products.

32.     Nite Ize is the exclusive owner of the Nite Ize STEELIE® Trade Dress and at no time authorized Premier Accessory or any parent, subsidiary, or agent of Premier Accessory to use a mark or trade dress that is substantially or confusingly similar.

### IV.     DEFENDANT'S WRONGFUL ACTIONS

33.     Upon information and belief, Premier Accessory calls its infringing product the "Universal Magnetic Stick on Mount" (referenced hereafter as "Car Mount Infringing Product").

34.     On or around September 16, 2017, a Nite Ize representative purchased Defendant's Car Mount Infringing Product from a brick and mortar AutoZone store located at 1375 Sherman Drive, Longmont, Colorado.  *See* Ex. E.

35.     As seen in Figures 1 – 3, below, the Car Mount Infringing Product is virtually identical to the STEELIE® Dash Mount Kit's shape, size, and design.[1]

*Figure 1.*




*Figure 2.*




---

[1]     In Figures 1 – 3, the Nite Ize STEELIE® Dash Mount Kit product is shown on the left of Defendant's Car Mount Infringing Product.  Defendant's Car Mount Infringing Product knocks off the design, sizes, and colors of the ball of Nite Ize's STEELIE® Dash Mount Kit.

*Figure 3.*

 

36.    Defendant knew or should have known of Nite Ize's intellectual property rights.  A search would have revealed Nite Ize's '921 Patent, '507 Patent, '779 Patent, '330 Patent, registered trademark, and trade dress.  Moreover, Defendant knew or should have known about Nite Ize's intellectual property rights by the characteristics and trade dress of the STEELIE® Dash Mount Kit.

37.    Upon information and belief, Defendant's infringement upon Nite Ize's intellectual property rights was knowing, willful, and intentional at all times relevant to this Complaint.

38.    At the time of the filing of this Complaint, Defendant offers Car Mount Infringing Product for sale to Colorado consumers.

39.    The Infringing Product's size, color of the ball, shape, and material compositions are strikingly similar to their STEELIE® product counterparts.  *See* Figures 1 – 3.  Such designs are virtually identical to their respective STEELIE® product's design and appearance but of lesser quality.

40.    The Car Mount Infringing Product has a stand assembly that is virtually identical to Nite Ize's STEELIE® Dash Mount Kit claimed in '921 Patent, '507 Patent, '779 Patent, and '330 Patent.

41.    Defendant has used the trade dress of the STEELIE® Dash Mount Kit after Nite Ize developed, advertised, sold, and distributed for sale Nite Ize's STEELIE® Dash Mount Kit and Nite Ize had established significant recognition and reputation for the products' design and quality.

42.    Defendant has used the trade dress of the STEELIE® Dash Mount Kit without permission, authority, or license from Nite Ize, and on information and belief, such actions were taken willfully, intentionally, and in bad faith with full knowledge of Nite Ize's intellectual property rights and with the intention to trade off of, and benefit from, Nite Ize's reputation and the goodwill it has created among its customers.

## V.    CLAIMS FOR RELIEF

### COUNT I

**Infringement of the '921 Patent in Violation of 35 U.S.C. §271**

43.    Nite Ize incorporates by reference paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.    Without authority from Nite Ize, Defendant has, during the term of Nite Ize's '921 Patent, engaged in making, using, and/or selling in the United States and/or have imported into the United States its Car Mount Infringing Product, which infringes one or more claims of Nite Ize's '921 Patent.

45.    Nite Ize is informed and believes and alleges thereon that without authority of Nite Ize, Defendant has actively induced infringement of Nite Ize's '921 Patent.  Nite Ize is informed and believes and alleges thereon that Defendant has distributed or supplied to other entities or have entered into contracts or other arrangements with other entities that have sold its Car Mount Infringing Product in the United States.

46.    The Car Mount Infringing Product, by way of example, infringes claim 1 of the '921 Patent as shown in Chart 1[2], below:

---

[2] See Exhibit F for a complete claim chart of the Car Mount Infringing Product that includes claims 1, 2, and 5.

| Patent No. '921 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| A stand assembly for laying stably on a flat surface comprising: |  Second Section, First Section, Combined First Section and Second Section "Stand" | The preamble is not limiting.  The Car Mount Infringing Product is a stand assembly that includes one "Socket" and one "Ball Mount."  To the extent the preamble may be limiting, the combination of the "Socket" and the "Ball Mount," forms a stand assembly for laying stably on a flat surface including (but not limited to) a vehicle dash. |
| a first section shaped at one end to lay stably on the flat surface and shaped on another end with a curved surface, |  Curved surface, First End, First Section | The first section of the Car Mount Infringing Product is referenced hereafter as the "Ball Mount."  As shown on the left, the Ball Mount includes a first end on the top of the Ball Mount.  The first end of the Ball Mount is topped with a curved surface resembling a ball which is a curved surface. |
| said curved surface of said first section constructed of a magnetic material; |  Magnetic Material | The curved surface of the top of the Ball Mount is constructed of a magnetic material.  Shown on the left in the Car Mount Infringing Product, the "Ball Mount" features magnetic material that combines with the magnetic interface of the "Socket" (the Socket described further hereafter). |

| Patent No. '921 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| and a second section having a first surface, said first surface having an indentation, |  | The Car Mount Infringing Product has a second section that is described herein as the "Socket." The Socket (shown on the left) has a first surface with a circular indentation such that it can combine with the round surface of the Ball Mount. |
| said indentation having a curved shape, said second section having magnetic material holding the first and second sections together, |  | As shown on the left, the indentation on the first surface of the Socket is capable of receiving the curved surface of the Ball Mount, and the second section has a magnetic material that holds the first and second sections together (see below for further identification of magnetic material). |
| the magnetic material of the second section surrounding the curved surface when the first and second sections are together, wherein the magnetic material of the second section that holds said first and said second sections together has a ring shape, |  | The magnetic material of the Socket is in a shape of a ring so that it can combine with the first section's Ball Mount surrounding the curved surface. |

| Patent No. '921 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| said second section having magnetic material capable of holding said first and said second sections together, | **Magnetic Material**<br> | As shown on the left, the magnetic material of the Socket is capable of combining with the magnetic material of the magnetic material of the Ball Mount, holding the two sections together. Further, once the two sections are magnetically held together, the flat surface of the Socket sticks to a phone while the flat surface of the Ball Mount secures to a vehicle dash. |
| the indentation being in a center of the ring shape, wherein the second section includes a first piece of high-friction material, | Ring-shaped Indentation   High-Friction Material<br><br>High-Friction Material<br>Ring-shaped Indentation | As shown on the left, the front surface of the Socket includes a metal or metallic material. Metal has a high friction coefficient and is, therefore, high-friction material. This metal or metallic material is an example of the high friction material described in the claim. |
| the first piece of high-friction material disposed of in the indentation of said second section | High-Friction Material<br><br>High-Friction Material (Disposed of in Indentation) | As shown on the left the high-friction metal or metallic material of the Socket is disposed in the indentation of the front surface of the Socket. |

| Patent No. '921 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| and the magnetic material positioned such that the magnetic material of the second section radially surrounds the first piece of high-friction material. |  | The metal or metallic material is positioned in the center of the front surface of the Socket.  As shown on the left, a portion of the magnetic material of the Socket is raised above the metal or metallic material and further radially surrounds the metal or metallic material. |

47.     Defendant's acts constitute patent infringement in violation of 35 U.S.C. §271.

48.     Upon information and belief, Defendant knew or should have known of Nite Ize's '921 Patent before it engaged in its wrongful acts.

49.     Defendant's infringement is injuring Nite Ize and causing financial damage to Nite Ize including lost revenue and profit.  Nite Ize has also suffered and will continue to suffer injury to its business, reputation, and goodwill.  Nite Ize is entitled to damages sufficient to compensate it, but no less than a reasonable royalty.

<u>**COUNT II**</u>

**Infringement of the '507 Patent in Violation of 35 U.S.C. §271**

50.     Nite Ize incorporates by reference paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.     Without authority from Nite Ize, Defendant has, during the term of Nite Ize's '507 Patent, engaged in making, using, and/or selling in the United States and/or have imported into the United States its Car Mount Infringing Product, which infringes one or more claims of Nite Ize's '507 Patent.

52.     Nite Ize is informed and believes and alleges thereon that without authority of Nite Ize, Defendant has actively induced infringement of Nite Ize's '507 Patent.  Nite Ize is informed and believes and alleges thereon that Defendant has distributed or supplied to other entities or have entered into contracts or other arrangements with other entities that have sold its Car Mount Infringing Product in the United States.

53.     The Car Mount Infringing Product, by way of example, infringes claim 7 of the '507 Patent as shown in Chart 2[3], below:

| Patent No. '507 Claim 7 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| A stand assembly comprising: |  Second Section / First Section / Combined First Section and Second Section "Stand" | The preamble is not limiting.  The Car Mount Infringing Product is a stand assembly that includes one "Socket" and one "Ball Mount."  To the extent the preamble may be limiting, the combination of the "Socket" and the "Ball Mount," forms a stand assembly. |
| a first section having a first end shaped with a curved surface, |  Curved surface / First End / First Section | The first section of the Car Mount Infringing Product is referenced hereafter as the "Ball Mount."  As shown on the left, the Ball Mount includes a first end on the top of the Ball Mount.  The first end of the Ball Mount is topped with a curved surface resembling a ball which has a curved surface. |

---

[3] See Exhibit G for a complete claim chart of the Car Mount Infringing Product that includes claims 1, 7, and 12.

| Patent No. '507 Claim 7 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| said curved surface of said first section constructed of a first magnetic material; |   Magnetic Material | The curved surface of the top of the Ball Mount is constructed of a magnetic material.  Shown on the left in the Car Mount Infringing Product, the "Ball Mount" features magnetic material that combines with the magnetic interface of the "Socket" (the Socket described further hereafter). |
| and a second section having a front surface, said front surface having an indentation, |   Front Surface   Indentation   Second Section | The Car Mount Infringing Product has a second section that is described herein as the "Socket." The Socket (shown on the left) has a first surface with a circular indentation such that it can combine with the round surface of the Ball Mount. |

| Patent No. '507 Claim 7 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| said indentation capable of receiving said curved end of said first section and being of a size which can encompass a portion, but less than the whole diameter, of said curved end of said first section, | <br><br>Second Section<br><br>First Section<br><br>Combined First Section and Second Section "Stand" | As shown on the left, the indentation on the front surface of the Socket is capable of receiving the curved end of the Ball Mount, and is sized such that the indentation encompasses a portion less than the whole diameter of the curved end of the Ball Mount when the two sections are combined. |
| said second section having a second magnetic material capable of holding said first and second sections together, | Magnetic Material<br><br> | As shown on the left, the Socket includes a magnetic material capable of combining with the magnetic material of the Ball Mount, holding the two sections together.  Further, once the two sections are magnetically held together, the flat surface of the Socket sticks to a phone while the flat surface of the Ball Mount secures to a vehicle dash. |

| Patent No. '507 Claim 7 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| wherein the second section includes a first piece of friction producing material, the friction producing material on an outer contact surface of the second section, having a ring shape adjacent to the second magnetic material. |  | The Socket includes a ring-shaped metal or metallic material.  Metal has a friction coefficient and is, therefore, a friction producing material.  The metal or metallic material has a ring shape and is adjacent to the magnetic material of the Socket.

This metal or metallic material is an example of the friction producing material described in the claim. |

54.     Defendant's acts constitute patent infringement in violation of 35 U.S.C. §271.

55.     Upon information and belief, Defendant knew or should have known of Nite Ize's '507 Patent before it engaged in its wrongful acts.

56.     Defendant's infringement is injuring Nite Ize and causing financial damage to Nite Ize including lost revenue and profit.  Nite Ize has also suffered and will continue to suffer injury to its business, reputation, and goodwill.  Nite Ize is entitled to damages sufficient to compensate it, but no less than a reasonable royalty.

## COUNT III

### Infringement of the '779 Patent in Violation of 35 U.S.C. §271

57.     Nite Ize incorporates by reference paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     Without authority from Nite Ize, Defendant has, during the term of Nite Ize's '779 Patent, engaged in making, using, and/or selling in the United States and/or have imported into the

United States its Car Mount Infringing Product, which infringes one or more claims of Nite Ize's '779 Patent.

59.     Nite Ize is informed and believes and alleges thereon that without authority of Nite Ize, Defendant has actively induced infringement of Nite Ize's '779 Patent.  Nite Ize is informed and believes and alleges thereon that Defendant has distributed or supplied to other entities or have entered into contracts or other arrangements with other entities that have sold its Car Mount Infringing Product in the United States.

60.     The Car Mount Infringing Product, by way of example, infringes claim 1 of the '779 Patent as shown in Chart 3[4], below:

| Patent No. '779 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| A stand assembly for holding a device comprising: |  Second Section / First Section / Combined First Section and Second Section "Stand" | The preamble is not limiting. The Car Mount Infringing Product is a stand assembly that includes one "Socket" and one "Ball Mount."  To the extent the preamble may be limiting, the combination of the "Socket" and the "Ball Mount," forms a stand assembly for holding device including (but not limited to) a vehicle dash. |
| a first section shaped on one end with a curved surface, |  Curved surface / First End / First Section | The first section of the Car Mount Infringing Product is referenced hereafter as the "Ball Mount."  As shown on the left, the Ball Mount includes a first end on the top of the Ball Mount.  The first end of the Ball Mount is topped with a curved surface resembling a ball which has a curved surface. |

---

[4] See Exhibit H for a complete claim chart of the Car Mount Infringing Product that includes claims 1, 5, 8, and 11.

| Patent No. '779 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| the entirety of said curved surface of said first section constructed of a first magnetic material; |  Magnetic Material | The curved surface of the top of the Ball Mount is constructed of a magnetic material. Shown on the left in the Car Mount Infringing Product, the "Ball Mount" features magnetic material that combines with the magnetic interface of the "Socket" (the Socket described further hereafter) such that the Socket may be positioned along the entirety of the curved surface. |
| and a second section having a front surface, |  Front Surface   Indentation   Second Section | The Car Mount Infringing Product has a second section that is described herein as the "Socket." The Socket (shown on the left) has a front surface. |
| said second section having a second magnetic material holding the first and second sections together, the second magnetic material of the second section holds said first and second sections together has a ring shape surrounding a portion of the curved surface when the first and second sections are together, |  Ring-Shaped Magnetic Material | The Socket includes a magnetic material that holds the Socket and Ball Mount together.  The magnetic material has a ring shape so that it can combine with the first section's Ball Mount surrounding the curved surface. |

| Patent No. '779 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| wherein the front surface having an indentation defined by said ring shape, |  | The front surface of the Socket has a circular indentation defined by the ring shape of the magnetic material such that the Socket can combine with the round surface of the Ball Mount. |
| said indentation receiving said curved end of said first section and encompassing a portion, but less than the whole diameter, of said curved surface of said first section, |  | As shown on the left, the indentation on the front surface of the Socket is capable of receiving the curved end of the Ball Mount, and is sized such that the indentation encompasses a portion less than the whole diameter of the curved end of the Ball Mount when the two sections are combined. |
| said second section having a second magnetic material configured to securely attach to the first section through magnetic interaction of the curved surface of the first section with the indentation on the front surface of the second section |  | The magnetic material of the Socket is capable of combining with the magnetic material of the magnetic material of the Ball Mount, holding the two sections together through magnetic interaction/attraction. Further, once the two sections are magnetically held together, the curved surface of the Ball Mount magnetically interacts with the indentation on the front surface of the Socket. |

| Patent No. '779 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| the second magnetic material having the ring shape opposite the curved surface of the first section and protruding from the front surface of the second section. |  | The ring shape of the Socket's magnetic material is positioned opposite the curved surface of the Ball Mount and protrudes from the front surface of the Socket. |

61.     Defendant's acts constitute patent infringement in violation of 35 U.S.C. §271.

62.     Upon information and belief, Defendant knew or should have known of Nite Ize's '779 Patent before it engaged in its wrongful acts.

63.     Defendant's infringement is injuring Nite Ize and causing financial damage to Nite Ize including lost revenue and profit. Nite Ize has also suffered and will continue to suffer injury to its business, reputation, and goodwill. Nite Ize is entitled to damages sufficient to compensate it, but no less than a reasonable royalty.

## COUNT IV

### Infringement of the '330 Patent in Violation of 35 U.S.C. §271

64.     Nite Ize incorporates by reference paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65.     Without authority from Nite Ize, Defendant has, during the term of Nite Ize's '330 Patent, engaged in making, using, and/or selling in the United States and/or have imported into the United States its Car Mount Infringing Product, which infringes one or more claims of Nite Ize's '330 Patent.

66.   Nite Ize is informed and believes and alleges thereon that without authority of Nite Ize, Defendant has actively induced infringement of Nite Ize's '330 Patent.  Nite Ize is informed and believes and alleges thereon that Defendant has distributed or supplied to other entities or have entered into contracts or other arrangements with other entities that have sold its Car Mount Infringing Product in the United States.

67.   The Car Mount Infringing Product, by way of example, infringes claim 1 of the '330 Patent as shown in Chart 4[5], below:

| Patent No. '330 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| A stand assembly for holding a handheld electronic device in a multitude of positions, comprising: |  First Section / Second Section / Combined First Section and Second Section "Stand" | The preamble is not limiting.  The Car Mount Infringing Product is a stand assembly that includes one "Socket" and one "Ball Mount."  To the extent the preamble may be limiting, the combination of the "Socket" and the "Ball Mount," forms a stand assembly for holding a handheld electronic device (such as a smartphone, tablet, etc.) in a multitude of positions. |

---

[5] See Exhibit I for a complete claim chart of the Car Mount Infringing Product that includes claims 1, 6, and 11.

| Patent No. '330 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| a first section comprised of a first end shaped to engage one of a flat surface, a plug, and an irregular surface via clamping, and a second end with a generally curved shape and constructed of a first magnetic material, |  Curved surface / Second End / Magnetic Material / **First Section** / First End | The first section of the Car Mount Infringing Product is referenced hereafter as the "Ball Mount."  As shown on the left, the Ball Mount includes a first end on the bottom of the Ball Mount and a second end on the top of the Ball Mount.  The first end of the Ball Mount is shaped to engage a flat surface.  The second end of the Ball Mount is generally curved to resemble a ball which has a curved surface, and is constructed of a magnetic material that combines with the magnetic interface of the "Socket" (the Socket described further hereafter) to connect the Socket to the Ball Mount. |
| a second section having a front surface, the front surface having an indentation, |  Front Surface / Indentation / **Second Section** | The Car Mount Infringing Product has a second section that is described herein as the "Socket." The Socket (shown on the left) has a front surface with a circular indentation such that it can combine with the curved surface of the Ball Mount. |

| Patent No. '330 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| said indentation receiving said curved end of said first section and encompassing a portion, but less than the whole diameter, of said curved surface of said first section, |  | As shown on the left, the indentation on the front surface of the Socket is capable of receiving the curved end of the Ball Mount, and is sized such that the indentation encompasses a portion less than the whole diameter of the curved end of the Ball Mount when the two sections are combined. |
| said second section having a second magnetic material configured to securely attach to the first section through magnetic interaction of the curved surface of the first section with the indentation on the front surface of the second section |  | The Socket includes a magnetic material capable of combining with the magnetic material of the Ball Mount to hold the two sections together through magnetic attraction. Further, once the two sections are magnetically held together, the curved surface of the Ball Mount magnetically interacts with the indentation on the front surface of the Socket. |

| Patent No. '330 Claim 1 | Visual Description | Explanatory Description of Infringing Product |
|---|---|---|
| wherein the second magnetic material of the second section that holds said first and said second sections together has a ring shape surrounding, in a radial fashion, at least a portion of the curved surface when the first and second sections are together, |  Ring-Shaped Magnetic Material | The magnetic material of the Socket that holds the Socket and Ball Mount together has a ring shape and radially surrounds a portion of the curved surface of the Ball Mount so that the Socket can combine with the Ball Mount. |
| the second magnetic material having the ring shape opposite the curved surface of the first section and protruding from the front surface of the second section. |  Magnetic Material / Ring shape opposite the curved surface and protruding from front surface / Front Surface | The ring shape of the Socket's magnetic material is positioned opposite the curved surface of the Ball Mount and protrudes from the front surface of the Socket. |

68.     Defendant's acts constitute patent infringement in violation of 35 U.S.C. §271.

69.     Upon information and belief, Defendant knew or should have known of Nite Ize's '330 Patent before it engaged in its wrongful acts.

70.     Defendant's infringement is injuring Nite Ize and causing financial damage to Nite Ize including lost revenue and profit.  Nite Ize has also suffered and will continue to suffer injury

to its business, reputation, and goodwill.  Nite Ize is entitled to damages sufficient to compensate it, but no less than a reasonable royalty.

## COUNT V

### Trade Dress Infringement in Violation of 15 U.S.C. § 1125(a)

71.     Nite Ize incorporates by reference paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72.     The STEELIE® Product Trade Dress collectively refers to the STEELIE® Family Trade Dress and the STEELIE® Dash Mount Kit's Trade Dress, both of which are defined below.

73.     The STEELIE® Family Trade Dress refers to the use of a shiny, metallic-looking ball with a significant amount of the ball showing as depicted in the picture on the left side of Figures 1, 2, and 3.

74.     The STEELIE® Dash Mount Kit's Trade Dress (*i.e.* its overall image and appearance) includes, but is not limited to the following elements: a shiny, metallic-looking ball with half or more of the ball showing, that is secured to a virtually identically shaped base that is entirely round and flares outwardly toward the bottom where it attaches to the dash; and an entirely round mounted socket with a round, silver disc inside.

75.     The STEELIE® Product Trade Dress is a way for the STEELIE® Line of Products and Nite Ize to be identified by retailers as well as customers and potential customers at the point of sale as well as after the point of sale.

76.     The STEELIE® Product Trade Dress is not functional.

77.     Based on, among other things, Nite Ize's extensive and consistent promotion and sales throughout the United States, each category of the STEELIE® Product Trade Dress have acquired distinctiveness and secondary meaning among consumers, identifying the products as

originating from a single source.  Nite Ize has acquired valuable, legally protected rights in each category of the STEELIE® Product Trade Dress.

78.     Nite Ize is the owner of all right and title to each category of the STEELIE® Product Trade Dress.

79.     Defendant has copied Nite Ize's STEELIE® Product Trade Dress by imitating the major design elements and the overall "look and feel" of Nite Ize's STEELIE® Product Trade Dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

80.     Defendant's acts of copying of each category of Nite Ize's STEELIE® Product Trade Dress and their manufacture, importation, and sale of its Car Mount Infringing Product through interstate commerce are likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, quality, sponsorship, or affiliation of the Car Mount Infringing Product, and are likely to cause such consumer confusion as to whether Nite Ize has authorized, sponsored, approved, endorsed, or licensed the Car Mount Infringing Product or whether Defendant is in some way affiliated with Nite Ize. Defendant's actions constitute a false designation of origin that has caused, and are likely to cause, confusion, mistake, and deception, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

81.     Defendant's use of each category of the STEELIE® Product Trade Dress enables Defendant to benefit unfairly from Nite Ize's reputation and success, thereby giving the Car Mount Infringing Product sales and commercial value they otherwise would not have.

82.     Defendant's actions constitute trade dress infringement and unfair competition in violation of Section 43(a) of the Lanham Act.  15 U.S.C. § 1125(a).

83.     Upon information and belief, Defendant knew, or should have known, of each category of the STEELIE® Product Trade Dress before it engaged in its wrongful acts.  No later

than its receipt of Nite Ize's cease and desist letter, sent September 21, 2017, Defendant had actual knowledge of each category of the STEELIE® Product Trade Dress, but it has continued to infringe upon each category of the STEELIE® Product Trade Dress intentionally, willfully, and without regard for Nite Ize's STEELIE® Product Trade Dress.

84.     The Defendant's willful and intentional conduct makes this an exceptional case under 15 U.S.C. section 1117(a).

85.     Defendant's acts have injured Nite Ize and have caused Nite Ize damages, including lost revenue and profit.  Nite Ize has also suffered and will continue to suffer injury to its business, reputation, and goodwill.

<u>**COUNT VI**</u>

**Violation of the Colorado Consumer Protection Act**

86.     Nite Ize incorporates by reference paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87.     Defendant, in the course of its business and through its acts as set forth in this Complaint, has engaged in unfair or deceptive trade practices as defined in Colorado Revised Statute section 6 – 1 – 105, including:

    a.    knowingly passing off goods as those of another;

    b.    knowingly making a false representation as to the source, sponsorship, approval, or certification of goods;

    c.    knowingly making a false representation as to the affiliation, connection, or association with or certification by another;

    d.    knowingly making a false representation as to the characteristics of goods or a false representation of the sponsorship, approval, status, affiliation, or connection of a person therewith.

88.     Defendant's practices significantly impact the public as actual or potential consumers of Defendant's goods.

89.     Defendant's acts cause Nite Ize to suffer injury in the course of its business to a legally protected interest, including to its intellectual property rights, its sales and profits, and its reputation and goodwill.

90.     Upon information and belief, Defendant knew or should have known of Nite Ize's intellectual property rights before it engaged in its wrongful acts. But no later than Defendant's receipt of Nite Ize's cease and desist letters, Defendant committed its violations of the Colorado Consumer Protection Act willfully, knowingly, and intentionally.

<u>COUNT VII</u>

**Common Law Unfair Competition and Trade Dress Infringement**

91.     Nite Ize incorporates by reference paragraphs 1 through 90 of this Complaint as if fully set forth herein.

92.     This is a claim for common law trade dress infringement and common law unfair competition under the laws of the State of Colorado, separately made and joined with substantial and related claims under the United States patent law and the United States trademark law.

93.     Defendant's acts constitute common law trade dress infringement and unfair competition by palming or passing off the Car Mount Infringing Product to be understood by the consumer as goods of Nite Ize.  The palming or passing off of the Car Mount Infringing Product creates a likelihood of confusion in the minds of the public as to the source and approval of Defendant's goods and further creates the impression that Nite Ize is responsible for the design, makeup, and quality of the goods offered for sale by Defendant.  It also tends to dilute the value of Nite Ize's intellectual property that was built up at great expense.

94.     Such acts by Defendant also constitute an attempt to unfairly trade on the goodwill of Nite Ize.  The acts will mislead, confuse, and deceive the purchasing public into mistakenly purchasing Defendant's goods or attributing to such goods an association or affiliation with Nite Ize.

95.     The offering by Defendant of goods bearing a simulation of each category of Nite Ize's STEELIE® Product Trade Dress may create dissatisfaction and resentment among a substantial portion of the purchasing public if the goods are not to the customer's satisfaction. These acts will materially dilute Nite Ize's reputation and damage the goodwill that Nite Ize has created.

96.     Upon information and belief, Defendant knew or should have known of Nite Ize's intellectual property rights before it engaged in its wrongful acts by making, using, offering for sale, and/or selling in the United States and/or have imported into the United States its Car Mount Infringing Product.  No later than its receipt of Nite Ize's cease and desist letter, dated September 19, 2017, Premier Accessory has committed its wrongful acts willfully, knowingly, and intentionally.

97.     Defendant's unauthorized use of a confusingly similar designation for its strikingly similar Car Mount Infringing Product has caused and is likely to continue to cause confusion, mistake, or to deceive the purchasing public to the damage of Nite Ize.

98.     Defendant has unfairly competed with Nite Ize by the intentional and unauthorized use of Nite Ize's common law trade dress for its confusingly similar product.

99.     Defendant's acts have injured Nite Ize and have caused Nite Ize damages, including lost revenue and profit.  Nite Ize has also suffered and will continue to suffer injury to its business, reputation, and goodwill.

## COUNT VIII

### Unjust Enrichment

100.    Nite Ize incorporates by reference paragraphs 1 through 99 of this Complaint as if fully set forth herein.

101.    Defendant's acts infringing on Nite Ize's intellectual property, described above, confers a benefit upon Defendant at the expense of Nite Ize.  Defendant has wrongfully infringed each category of Nite Ize's STEELIE® Product Trade Dress to solicit and divert consumers. Defendant's acts cause him to reap a profit on Nite Ize's hard work, ingenuity, reputation, expense, and goodwill.

102.    Defendant's acts violate fundamental principles of justice, equity, and good conscience.  It would be unjust for Defendant to retain the benefits of its wrongful conduct.

103.    Defendant's acts have caused it to be unjustly enriched to the detriment of Nite Ize.

## VI.    REQUEST FOR RELIEF

**WHEREFORE,** Nite Ize respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

1.    that Nite Ize's intellectual property rights are good, valid, and enforceable;

2.    that Defendant infringed on Nite Ize's '921 Patent;

3.    that Defendant infringed on Nite Ize's '507 Patent;

4.    that Defendant infringed on Nite Ize's '779 Patent;

5.    that Defendant infringed on Nite Ize's '330 Patent;

6.    that Defendant's acts constitute statutory and common law trade dress infringement;

7.    that Defendant's acts constitute statutory and common law unfair competition;

8.    that Defendant's acts constitute trade dress infringement in violation of the Lanham Act;

9.      that Defendant's acts constitute wrongful importation;

10.     that Defendant's acts constitute violations of the Colorado Consumer Protection Act;

11.     that Defendant has been unjustly enriched to the detriment of Nite Ize;

12.     that Defendant committed its unlawful acts knowingly, intentionally, and/or willfully;

13.     that Defendant account to Nite Ize for all revenues, profits, gains, savings, and advantages received or realized by Defendant that are attributable to its violations of Nite Ize's intellectual property rights;

14.     that Nite Ize recover from Defendant damages for Defendant's unlawful acts in an amount adequate to compensate Nite Ize, including the following amounts and types of relief:

   a.      for Defendant's patent infringement, an amount sufficient to compensate Nite Ize for its damages, but no less than a reasonable royalty, together with interest and costs as fixed by the Court.  Nite Ize also requests that the Court increase the damages awarded to Nite Ize up to three times the amount found or assessed pursuant to law;

   b.      for Defendant's trade dress infringement, amounts to include Defendant's profits that it has earned on the Car Mount Infringing Product, damages sustained by Nite Ize, and a sum up to three times Nite Ize's actual damages;

   c.      for Defendant's violation of the Colorado Consumer Protection Act, amounts to include Nite Ize's actual damages and up to three times the amount of Nite Ize's actual damages;

   d.      disgorgement or other appropriate relief to compensate Nite Ize for Defendant's unjust enrichment; and

   e.      for all claims, the fullest amount of damages to which Nite Ize is entitled.

15.     that Nite Ize recover reasonable attorneys' fees and costs;

16.     that Nite Ize recover all interest to which it is entitled, including pre- and post-judgment interest in the maximum amount allowed by law;

17.     that Defendant delivers for destruction, or show proof of destruction of, all Car Mount Infringing Product, labels, signs, prints, packages, wrappers, and any other materials in its possession or control that depict or reference the confusingly similar trade dress to any category of the STEELIE® Product Trade Dress and all materials used for making or reproducing those marks and material that shows a product or products infringing Nite Ize's '921 Patent, '507 Patent, '779 Patent, or '330 Patent;

18.     that Nite Ize recover from Defendant an amount sufficient to conduct a corrective advertising campaign as is appropriate to correct the actual and likely confusion caused by Defendant's infringing and wrongful conduct; and

19.     that Nite Ize recover all other relief, at law and equity, to which it is entitled.

## VII.   <u>JURY DEMAND</u>

Nite Ize demands a trial by jury.

Dated: April 30, 2019                 Respectfully submitted,

                               /s/Karen A. Confoy        
                               Karen A. Confoy
                               **FOX ROTHSCHILD LLP**
                               997 Lenox Drive
                               Lawrenceville, NJ 08648-2311
                               kconfoy@foxrothschild.com
                               Tel.:  (609) 896-3600
                               Fax:  (609) 896-1469

                               Kenneth G. Parker (*pro hac vice* forthcoming)
                               **HAYNES AND BOONE, LLP**
                               600 Anton Blvd., Suite 700
                               Costa Mesa, CA 92626
                               kenneth.parker@haynesboone.com
                               Tel.:  (949) 202-3014
                               Fax:  (949) 202-3114

                               Robert Ziemian (*pro hac vice* forthcoming)
                               Justin Gilleland (*pro hac vice* forthcoming)

**HAYNES AND BOONE, LLP**
1050 17th St., Suite 1800
Denver, Colorado 80265
robert.ziemian@haynesboone.com
justin.gilleland@haynesboone.com
Tel.: (303) 382-6200
Fax: (303) 382-6210

*Attorneys for Plaintiff Nite Ize, Inc.*